UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN N. TAYLOR,<br><br>    Petitioner,<br><br>  v.<br><br>Warden ROBERT HOREL; et al.,<br><br>    Respondents. | No. C 07-160 MHP (pr)<br><br>**ORDER OF DISMISSAL** |

Brian N. Taylor commenced this action by filing a petition for writ of habeas corpus in which he complained about the conditions of confinement at Pelican Bay and about a state court clerk's failure to file a civil rights complaint for him apparently concerning those conditions. The petition does not attempt to challenge either the fact of his conviction or the length of his sentence.

Where, as here, success on the claims will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). In addition, the preferred practice in the Ninth Circuit has been that challenges to conditions of confinement be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint).

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983, Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief. Additionally, there is doubt whether the prisoner is willing to pay the $350.00 civil action filing fee rather than the $5.00 habeas filing fee to pursue his claims. The habeas versus civil rights distinction is not just a matter of using different pleading forms. A habeas action differs in many ways from a civil rights action: (1) a habeas petitioner has no right to a jury trial on his claims, (2) the court may be able to make credibility determinations based on the written submissions of the parties in a habeas action, (3) state court (rather than administrative) remedies must be exhausted for the claims in a habeas action, (4) the proper respondent in a habeas action is the warden in charge of the prison, but he or she might not be able to provide the desired relief when the prisoner is complaining about a condition of confinement, and (5) damages cannot be awarded in a habeas action. While a prisoner may think he has found a loophole that allows him to save $345.00 – by filing a habeas petition with a $5.00 fee rather than the usual $350.00 fee for a civil action – the loophole proves unhelpful because he ultimately cannot proceed in habeas and will be charged the $350.00 filing fee to challenge conditions of confinement. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

1   For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED
2  without prejudice to petitioner filing a civil rights action under 42 U.S.C. § 1983, preferably
3  using the court's civil rights complaint form, after he has exhausted California's prison
4  administrative remedies.  See 42 U.S.C. § 1997e(a).
5   The in forma pauperis application is DENIED.  (Docket # 2.)  The clerk shall close
6  the file.
7   IT IS SO ORDERED.
8  DATED:  May 11, 2007
            _____
9            Marilyn Hall Patel
             United States District Judge